IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John H. Outlaw, | ) | C. A. No. 2:06-1181-CWH-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Associated Container, | ) | |
| | ) | |
| Defendant. | ) | |

This Americans with Disabilities Act case brought by a <u>pro se</u> litigant came before the undersigned for consideration of the motions of the defendants to compel discovery, to impose sanctions and to extend time for discovery, and the plaintiff's motions to close discovery and to halt rescheduling orders.

A hearing was held on May 23, 2007, at which the plaintiff was present and the defendant was represented by Allan R. Holmes, Esq.

The thrust of the defendant's motions is that the plaintiff has failed to follow through on his promises to cooperate in discovery, has threatened a witness by telling him to "be watching the mail," and the defendant needs additional time to complete discovery once the plaintiff begins to cooperate. The plaintiff on the other hand opposes further discovery.

At the hearing, the plaintiff reiterated his belief that his comments were not meant to be threats and that he should not have to provide information to the defendants. The defendant

1

indicated that the plaintiff had failed to provide agreed upon consents for obtaining medical and rehabilitation records which he had previously agreed to provide, had failed to cooperate in the taking of depositions, and had failed to provide medical reports which were in his possession. When asked, the plaintiff indicated that he would not cooperate. It was explained to him that the court would then have to recommend dismissal of the action.

Subsequently the plaintiff has submitted to the court "MOTION to LET THIS CASE CONTINUE," (Sic) and a "2nd Motion to let PROCESS CONTINUE as previously SCHEDULED." (Sic). In one motion the plaintiff again agrees that he will sign a "SCVR release" as well as "any other releases." He continues to assert that he is disabled and that the evidence against him has been "cooked-up." He also submits copies of pages from the Internet about employment discrimination.

The plaintiff has repeatedly promised to cooperate in this litigation, but has failed to do so. He is persistently belligerent towards both the court and the attorney for the Defendant. He is not easy to work with. Even when told there could be a recommendation that the case be dismissed, he was belligerent and uncooperative.

Now he continues to file motions to let the case "move to the NEXT STEP." (Sic). He again promises to sign releases, but

has not submitted any.

On May 30, 2007, the Defendant submitted its opposition to the motion to allow the case to continue noting that the plaintiff continues to indicate he will not cooperate with discovery and continues to engage in threatening conduct. The Defendant recites this conduct as justification for dismissal of the action.

In response, on July 6, 2007, the plaintiff filed his third "Motion to let case proceed." It reads as follows:

> I took the liberty of going and having a Urinalysis, which I intend to upgrade this lawsuit to one of "DISPARATE TREATMENT" for all of the Deliberate Falsifications submitted by the Defendant's Attorney's as facts. I humbly request a (10) day delay in the continuance of this case, these gentlemen keep playing with and their going to wind-up like Mr. NiFong, the former D.A. up in Raleigh, N.C.,Disbarred. (Sic).

The plaintiff's conduct has prevented the case from being developed for trial, and it appears appropriate to let the case go "to the NEXT STEP" with a recommendation of dismissal.

The Fourth Circuit Court of Appeals has articulated a four-part test to determine if dismissal is appropriate in light of the competing interests at work when considering the appropriate sanction for instances of extreme discovery abuse. Mutual Fed. Sav. And Loan Ass'n v. Richards & Ass., Inc., 872 F.2d 88, 92 (4th Cir. 1989) *citing* Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-06 (4th Cir. 1977). The interests to be evaluated

3

are 1) whether the noncomplying party acted in bad faith; 2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; 3) the need for deterrence of the particular sort of noncompliance; and 4) the effectiveness of less drastic sanctions. Id. Examination of the facts of the present case shows that dismissal is appropriate in the present case.

1. Plaintiff's Bad Faith

Plaintiff has repeatedly disregarded the Court's orders to cooperate in discovery as well as the Court's various warnings about the possible consequences of failing to cooperate. While he has at times agreed to comply with the requested discovery, which includes providing consents for medical and rehabilitation records, taking depositions, and providing medical reports which are in his possession, he has yet to do so and actually has indicated his intentions to the contrary on several occasions.

He has refused to provide relevant information about other lawsuits, his drug and alcohol related criminal matters, and his physical therapy. He continues to seek a halt to discovery asserting, "It would be cheaper to settle the case than to keep paying these gentlemen." (Docket # 57). He refers in pleadings to the defendant's attorneys as "legalized thieves." (Docket # 58 Attachment). Further he concluded a deposition of a physician

with this colloquy:

> Mr. Outlaw: Well, have a nice day and be watching your mail.
>
> ****
>
> Mr. Holmes: Mr. Outlaw, as an officer of the court, I probably have to ask you why should he be watching his mail?
>
> Mr. Outlaw: I don't see what business it is of yours.
>
> Mr. Holmes: Well if its any kind of threat to the doctor –
>
> Mr. Outlaw: No. It ain't no threat.
>
> Mr. Holmes: Okay
>
> Mr. Outlaw: It's a promise.
>
> Mr. Holmes: What does that mean?
>
> Mr. Outlaw: Just what you think it means.
>
> Mr. Holmes: All right. Well, I'm going to have to take this up with the Court.
>
> Mr. Outlaw: You can take it up – you can take it up with Santa Claus. I really don't give a hoot.
>
> Mr. Holmes: all right.

(Docket # 49 Attached Deposition Tr. 4 l. 5 to Tr. 5 l. 13)

The plaintiff's bad faith is patent and is entitled to no quarter in civilized dispute resolution.

  2.  Prejudice Caused by Plaintiff's Noncompliance

Plaintiff contends that the defendant has intentionally overlooked him when seeking to fill a company position for which plaintiff feels that he is legally and actually qualified,

5

despite his disability. Plaintiff is receiving social security disability benefits and has been evaluated by the South Carolina Vocational Rehabilitation Service, but he has yet to sign a release so the defendant can obtain those reports and has refused to produce the reports himself. He has refused to produce copies of relevant medical records which he alone possesses asserting they are attorney work product.

As a part of the defense, the defendant requires the pertinent medical and rehabilitation records to show the contrary. Because of stringent privacy laws, the defendant must rely on the plaintiff's cooperation to obtain these medical records or seek a court order. The plaintiff's on again, off again promise to cooperate effectively has denied the defendants access to this most basic, material and relevant evidence and caused the defendants to file motions to compel and suffer the expense of futile discovery attempts. This has prejudiced the defendants right to the just, speedy and inexpensive determination of this action. Rule 1 Federal Rules of Civil Procedure.

3. Need for Deterrence

Plaintiff has routinely made promises to the court and defendant which remain unfulfilled despite the court's repeated explanations, orders, and warnings. Plaintiff's actions have halted the progress of this case and denied the opposing party

6

the opportunity to make necessary preparations for trial. Now despite the prospect of dismissal and continued failure to participate in discovery, he is intending to "upgrade this law suit". Such unbridled conduct in litigation must be checked, not only as a punitive measure in the present case but also as a deterrent to like-minded litigants in the future.

4. Effectiveness of Less Drastic Sanctions

Plaintiff's ongoing recalcitrant behavior is attributable only to himself. There has been no intermediary to blame for the plaintiff's conduct, and there is no reason to believe a lesser sanction would have a salient effect. Despite warnings by the court of a possible dismissal unless discovery requests were complied with, the plaintiff's only response has been continued promises without remedial actions. Dismissal is the appropriate and only efficacious remedy.

## Conclusion

Given that plaintiff's deliberate, bad faith failure to cooperate with discovery has been prejudicial to the defense and has come in the face of court warnings of severe sanctions, dismissal is the appropriate recourse. The previous warnings of the court have afforded Plaintiff more than enough opportunity to correct his behavior and preserve his right to bring suit. Sustaining this case further would reward the plaintiff's bad acts and allow them to continue in his "upgraded" law suit. This

would add to the defendant's prejudice and cost of litigation, and would impede the administration of justice. Given the plaintiff's refusal to cooperate, he has forfeited his right to litigate further.

The four-factor test articulated in <u>Wilson</u>, supports dismissal as appropriate when the party's abuse is shown to be among the most flagrant and his disregard for judicial proceedings is among the most callous. <u>Mutual Fed. Sav. and Loan Ass'n.</u>, 872 F.2d 88 at 92. Applying the <u>Wilson</u> factors to the present case shows plaintiff's conduct to be both flagrant and callous. Accordingly, dismissal of this action is appropriate.

Respectfully Submitted,

*[signature]*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July **23**, 2007

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).