**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| John H. Outlaw, | ) |
| Plaintiff, | ) Civil Action No.: 2:06-1181-CWH |
| vs. | ) |
| Associated Container, | ) **ORDER** |
| Defendant. | ) |

On April 18, 2006, the plaintiff filed a *pro se* complaint against Associated Container and a motion to proceed in forma pauperis. The complaint alleges that the defendant repeatedly violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. by refusing to reasonably accommodate the plaintiff. On April 20, 2006, the plaintiff filed a motion to appoint counsel. On May 19, 2006, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") authorized the plaintiff to proceed in forma pauperis and denied his motion to appoint counsel. On January 29, 2007, March 23, 2007, and April 9, 2007, the defendant filed motions to extend the time for discovery because the plaintiff repeatedly refused to cooperate in the discovery process.

On April 9, 2007, the plaintiff made a motion to close discovery. On April 10, 2007, the defendant made a motion to compel the plaintiff to respond to discovery requests and for an order requiring production of documents from the South Carolina Department of Vocational Rehabilitation. On April 11, 2007, the defendant made a motion for sanctions due to the plaintiff's failure to cooperate with discovery. On May 23, 2007, during a hearing, Magistrate

Judge Carr addressed the plaintiff's and the defendant's pending motions, which included the defendant's motions to compel discovery, to impose sanctions, and to extend the time for discovery, and the plaintiff's motions to close discovery and to halt rescheduling orders. Magistrate Judge Carr repeatedly asked the plaintiff whether or not he would cooperate in the discovery process, but despite Magistrate Judge Carr's repeated warnings that his failure to cooperate would result in a recommendation of dismissal, the plaintiff refused to cooperate. At the hearing, the plaintiff expressed that he had no intent to cooperate with any discovery requests. On May 25, 2007, May 29, 2007, and July 6, 2007, the plaintiff filed motions to allow the case to proceed as originally scheduled. On July 23, 2007, Magistrate Judge Carr issued a report analyzing the issues and recommending dismissal of this action.

On September 10, 2007, the plaintiff made an untimely objection to Magistrate Judge Carr's findings in the report and recommendation. *See* 28 U.S.C. § 636(b)(1). Absent a timely objection by the plaintiff, a district court is not required to review, under a *de novo* or any other standard, a magistrate judge's factual or legal conclusions. Thomas v. Arn, 474 U.S. 140, 150 (1985). Because the plaintiff failed to file his objections to the report and recommendation in a timely manner, pursuant to 28 U.S.C. § 636(b)(1), there are no portions of the report and recommendation to which a *de novo* review must be conducted. However, despite the plaintiff's failure to meet the statutory time limit for filing objections, the Court will consider the merits of his objections.

I. Four Part Test for Dismissal

In an effort to balance the competing interests of the due process rights of the litigants and the integrity of the judicial process, the Fourth Circuit has held that a court must consider

four factors before imposing sanctions under Rule 37(d) of the Federal Rules of Civil Procedure, which gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. *See* Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-06 (4th Cir. 1977). The four factors to be evaluated are: 1) whether the noncomplying party acted in bad faith; 2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; 3) the need for deterrence of the particular sort of noncompliance; and 4) the effectiveness of less drastic sanctions. Id. It is well established that dismissal under Rule 37(d) should be limited to "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the [r]ules." Mutual Federal Sav. and Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). The four factors as applied to this case are discussed in turn below.

   A.  Plaintiff's Bad Faith

The plaintiff has repeatedly disregarded the Court's orders to cooperate in discovery and has been warned about the potential consequences of his actions. As a result, the defendant has been forced to request the Court to grant multiple extensions of time in an attempt to complete discovery. The plaintiff has agreed to comply with the defendant's discovery requests, but he has failed to follow through with his promises and has withheld trial preparation materials and medical records in his possession. During the plaintiff's deposition, he refused to answer relevant questions. Furthermore, the plaintiff has threatened a witness, Dr. Richard Holt, and the defendant's attorneys, who he refers to as "legalized thieves." By flagrantly disregarding the Court's orders and the discovery process, the plaintiff has acted in bad faith.

B.  Prejudice Caused by the Plaintiff's Noncompliance

The plaintiff asserts that the defendant has intentionally overlooked him because of his disability when seeking to fill a company position for which the plaintiff claims that he is qualified.  As part of its defense, the defendant has requested the pertinent medical and rehabilitation records to show the contrary.  Because of stringent privacy laws, the defendant must rely on the plaintiff's cooperation to obtain these medical records or seek a court order.  Although the plaintiff has agreed to cooperate with discovery requests on numerous occasions, he has never actually complied.  The plaintiff's noncompliance has effectively denied the defendant's access to material and relevant evidence, required the defendant to file motions to compel to obtain the documents, and caused the defendant to suffer the expense of futile discovery attempts.  The plaintiff's noncompliance has prejudiced the defendant's right to the just, speedy, and inexpensive determination of this action.

C.  Need for Deterrence

The plaintiff has routinely made promises to cooperate in the discovery process. Nevertheless, the plaintiff has failed to adhere to the defendant's motion to compel despite the Court's repeated explanations, orders, and warnings.  The plaintiff's actions and refusal to cooperate further in the discovery process has halted the progress of the case, thereby forcing the defendant to request the Court to grant multiple extensions of time to complete discovery because the plaintiff has hampered the defendant's ability to make the necessary preparations for trial.  The Court concludes that dismissal of this case will "deter those who might be tempted to such conduct in the absence of such a deterrent."  Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).

### D. Effectiveness of Less Drastic Sanctions

The plaintiff has shown no respect for the legal system or for the rules of procedure. As previously discussed, he has failed to cooperate in the discovery process despite the warnings that his failure to cooperate would result in dismissal. In addition, he has threatened a witness and the defendant's attorney. He has accused Magistrate Judge Carr of interpreting the law from "a funky book" and "from some of the same stuff that kook we got in Washington, D.C. has been reading from." At a May 23, 2007 hearing, the plaintiff was fully informed of the potential consequences of his continued noncompliance. Nevertheless, at that hearing, the plaintiff repeatedly stated that he would not cooperate with the discovery process. On May 25, 2007, May 29, 2007, and July 6, 2007, the plaintiff filed motions to "let this case continue," "to let the process continue as previously scheduled," and "to let case proceed," respectively. Due to the plaintiff's previous actions, there is no reason to believe that the plaintiff will cooperate in this action or that a less drastic sanction would stop the plaintiff's misconduct. Because the plaintiff's noncompliance represents bad faith and callous disregard for the authority of the district court, the Court concludes that any sanction less drastic than dismissal would be ineffective.

## II. Plaintiff's Objections

The plaintiff's objections to Magistrate Judge Carr's report and recommendation are as follows: 1) the plaintiff complied with discovery requests; 2) the plaintiff did not receive answers to interrogatories 4 and 5; and 3) the plaintiff did not threaten the witness, Dr. Richard Holt, but instead made a promise. These objections are each discussed in turn below.

### A. Plaintiff's Compliance with Discovery Requests

The plaintiff alleges that he complied with all discovery requests. This objection is without merit. The plaintiff claims that the defendant has discriminated against him by failing to reasonably accommodate his disability, but he refuses to comply with the discovery requests which would allow the Court to determine whether the defendant could have reasonably accommodated the plaintiff. The discovery materials sought by the defendant are relevant to this proof, and the defendant should be allowed to obtain them. These discovery materials include the plaintiff's medical, physical therapy, and vocational rehabilitation records, which are relevant to all issues related to his disability discrimination claim.

On April 10, 2007, the defendant moved to compel the plaintiff to respond to discovery requests and for an order requiring the production of documents from the South Carolina Department of Vocational Rehabilitation because the plaintiff refused to allow the release of these records and to allow the deposition of the Vocational Rehabilitation personnel who attended him. The South Carolina Department of Vocational Rehabilitation will not comply with a subpoena, release records, or provide deposition testimony without a release from the plaintiff or an order from the court. Although the plaintiff has pledged his cooperation in providing records before this Court, he has failed to cooperate.

At the hearing on May 23, 2007, the plaintiff reiterated his belief that he should not be required to provide any information to the defendant. He has refused to provide consents for obtaining medical and rehabilitation records, which he previously agreed to provide, has refused to provide medical reports that are in his possession, and has failed to cooperate in the taking of depositions. Although the plaintiff has repeatedly promised to cooperate in the litigation, he has failed to do so. Therefore, the plaintiff has not complied with discovery requests, and this case

should be dismissed.

  B.  Interrogatories 4 and 5

  The plaintiff asserts that his case should not be dismissed because the defendant did not comply with his discovery requests for interrogatories 4 and 5.  On February 13, 2007 and February 21, 2007, the plaintiff filed motions to require the defendant to respond to his interrogatories.  The defendant did not oppose either of the plaintiff's motions.  On March 15, 2007, Magistrate Judge Carr granted the plaintiff's motion to compel the defendant to answer the plaintiff's interrogatories 4 and 5.  Interrogatory 4 requests the defendant to "provide a complete WPS (Welding Procedure Specification) and a copy of the PQR (Procedure Qualification Record)."  Interrogatory 5 requests the defendant to "provide a copy of the standard to which your products are fabricated, assembled too."

  On May 23, 2007, Magistrate Judge Carr held a hearing regarding the status and pending motions in this case.  Neither the plaintiff nor the defendant discussed the plaintiff's motion to compel the defendant to answer interrogatories 4 and 5.  The record does not reveal whether the defendant answered the interrogatories.  However, these interrogatories are not relevant to whether or not the plaintiff's claim should be dismissed due to his lack of cooperation.

  C.  Plaintiff's Threat to the Witness

  The plaintiff alleges that he did not threaten the witness, Dr. Richard Holt, during his March 16, 2007 deposition, but instead made a promise.  In the deposition, the defendant's attorney instructed the plaintiff that he could ask Dr. Holt any questions he may have.  After asking Dr. Holt whether he was bound by the Hippocratic oath, the plaintiff concluded with this colloquy:

    Mr. Outlaw:   Well, have a nice day and be watching your mail.

\* \* \* \*

    Mr. Holmes:   Mr. Outlaw, as an officer of the court, I probably have to ask you why should he be watching his mail?

    Mr. Outlaw:   I don't see what business it is of yours.

    Mr. Holmes:   Well if its any kind of threat to the doctor -

    Mr. Outlaw:   No. It ain't no threat.

    Mr. Holmes:   Okay.

    Mr. Outlaw:   It's a promise.

    Mr. Holmes:   What does that mean?

    Mr. Outlaw:   Just what you think it means.

    Mr. Holmes:   All right. Well, I'm going to have to take this up with the Court.

    Mr. Outlaw:   You can take it up - you can take it up with Santa Claus. I really don't give a hoot.

    Mr. Holmes:   All right.

(Holt Dep. 4:5 - 5:13, March 16, 2007)

The plaintiff made a clear threat to the witness. This court will draw no distinction between a "threat" and a "promise." Therefore, the plaintiff's objection is without merit.

Accordingly, the Court finds that Magistrate Judge Carr's recommendation is appropriate. For the reasons stated above, the plaintiff's claims against the defendant are dismissed. The plaintiff's pending motions are hereby rendered moot.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

September 19, 2007
Charleston, South Carolina