# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John H. Outlaw, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:06-1181-CWH |
| ) | |
| vs. ) | |
| ) | |
| Associated Container, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

On April 18, 2006, the plaintiff filed a *pro se* complaint against Associated Container alleging that the defendant repeatedly violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* by refusing to reasonably accommodate the plaintiff. On January 29, 2007 and March 23, 2007, and April 9, 2007, the defendant filed motions to extend the time for discovery because the plaintiff repeatedly refused to cooperate in the discovery process.

On April 9, 2007, the plaintiff made a motion to close discovery. On April 10, 2007, the defendant made a motion to compel the plaintiff to respond to discovery requests and for an order requiring production of documents from the South Carolina Department of Vocational Rehabilitation. On April 11, 2007, the defendant made a motion for sanctions due to the plaintiff's failure to cooperate with discovery. On May 23, 2007, during a hearing, Magistrate Judge Robert S. Carr ("Magistrate Judge Carr") addressed the plaintiff's and the defendant's pending motions, which included the defendant's motions to compel discovery, to impose sanctions, and to extend the time for discovery, and the plaintiff's motions to close discovery and to halt rescheduling orders. Despite Magistrate Judge Carr's repeated warnings that his failure to

cooperate would result in a recommendation of dismissal, the plaintiff refused to cooperate. At the hearing, the plaintiff expressed that he had no intent to cooperate with any discovery requests. On May 25, 2007, May 29, 2007, and July 6, 2007, the plaintiff filed motions to let the case proceed as originally scheduled. On July 23, 2007, Magistrate Judge Carr issued a report analyzing the issues and recommending dismissal of this action.

On September 19, 2007, after reviewing the record in its entirety, the Court dismissed the plaintiff's claims against the defendant. On September 28, 2007, the plaintiff filed an amended motion to reconsider. On October 1, 2007, the plaintiff filed a motion for reconsideration. On October 5, 2007, the defendant filed a memorandum in opposition to the motion to reconsider. The plaintiff fails to specify which of the Federal Rules of Civil Procedure supports his motion for reconsideration. "[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). The Court will treat the plaintiff's motion as a Rule 59(e) motion because it was served within 10 days of judgment. See Fed. R. Civ. P. 59(e); Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996).

The Fourth Circuit recognizes three grounds for altering or amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998). Thus, a motion for reconsideration after the entry of judgment is an "extraordinary remedy" which should rarely be used. Pacific Ins. Co., 148 F.3d at 403.

The plaintiff asserts that he did not have an opportunity to seek a protective order from the Court. The plaintiff claims that he was asked questions in his deposition that were meant to annoy, embarrass, and oppress him. The record shows that the plaintiff has not set forth new evidence that was previously not available, nor does the plaintiff point to a clear error of law. The plaintiff must demonstrate a clear error of law or manifest injustice in order to satisfy the requirements of Rule 59(e). Because the plaintiff fails to demonstrate either, the Court denies his motion for reconsideration, or in the alternative, to amend the judgment.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 11, 2007
Charleston, South Carolina